```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION

GRACIELA FELIPA HERNANDES BARRON,
ROSAURA MARTINEZ HERNANDEZ,
GUSTAVO MARTINEZ HERNANDEZ
ESMERALDO MARTINEZ HERNANDEZ,
AND JUAN DIEGO MARTINEZ HERNANDEZ,
INDIVIDUALLY and AS WRONGFUL
DEATH BENEFICIARIES OF ARNULFO
MARTINEZ LUGO, DECEASED                              PLAINTIFFS

VS.                        CIVIL ACTION NO. 3:20-CV-540-TSL-RPM

OVERNIGHT PARTS ALLIANCE, LLC,
WHOLESALE PARTS ALLIANCE, LLC
STEVEN MCKINNEY, INDIVIDUALLY
and d/b/a OVERNIGHT PARTS ALLIANCE,
LLC, and PENSKE TRUCK LEASING CO., L.P.              DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Graciela Felipe Hernandez Barron, Rosuara Martinez Hernandez, Gustavo Martinez Hernandez, Esmeraldo Martinez Hernandez and Juan Diego Martinez Hernando, individually, and as the wrongful death beneficiaries of Arnulfo Martinez Lugo, deceased, to remand, pursuant to 28 U.S.C. § 1447.  Defendants Overnight Parts Alliance, LLC, Wholesale Parts Alliance, LLC, Steven McKinney and Penske Truck Leasing Co., L.P., have responded in opposition to the motion.  The court, having considered the memoranda of authorities submitted by the parties, concludes that the motion to remand is not well-taken and should be denied.

1

Background

This wrongful death action, which plaintiffs filed in the Circuit Court of Kemper County, Mississippi, arises from a June 3, 2019 automobile accident in Kemper County in which plaintiffs' decedent, Arnulfo Martinez Lugo, along with six others, was killed when a box truck being driven by defendant Steven McKinney crossed over the center line of the highway and collided head-on with the van in which plaintiffs' decedent was a passenger.  According to the complaint, at the time of the accident, McKinney was acting in the course and scope of his employment as a delivery driver for defendants Overnight Parts Alliance (OPA) and Wholesale Parts Alliance (WPA), and driving a vehicle leased to OPA and/or WPA by defendant Penske Truck Leasing, LLC (Penske).  Plaintiffs allege that each of the defendants was negligent in one or more particulars and that their negligence proximately caused or contributed to the collision and the resulting deaths.

Defendants removed the case to this court on August 17, 2020, pursuant to 28 U.S.C. § 1441(a), on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Defendants assert in their notice of removal that there is complete diversity of citizenship because defendant Penske has been improperly joined.  In fact, however, even considering Penske's citizenship, there is complete diversity of citizenship and

defendants' assertion of improper joinder is not relevant to the court's jurisdiction.[1] However, plaintiffs have moved to remand, claiming that defendants' removal is procedurally defective.

<u>Removal and Diversity Jurisdiction Principles</u>

A defendant or defendants may remove from state court to federal court an action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a)(2), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of a State and citizens or subjects of a foreign state." Diversity jurisdiction exists only when there is complete diversity, which requires that all persons on one side of the controversy are citizens of different states than all persons on the other side. <u>Thompson v. Greyhound Lines, Inc.</u>, 574 F. App'x 407, 408 (5th Cir. 2014) (internal quotation marks and citation omitted).

---

[1] This is one of several cases filed by the wrongful death beneficiaries of the seven individuals killed in the subject accident. Unlike the case at bar, in which plaintiffs are citizens of Mississippi, plaintiffs in each of the other cases (Civil Action Nos. 3:20-cv-536, 537, 538, 539 and 541) are citizens of Mexico, and hence of nondiverse citizenship from Penske. In each of these other cases, the court has determined that the complaints, which are in substance identical to the complaint herein, do not state any viable claim for relief against Penske. Accordingly, although Penske is not "improperly joined" in this case, plaintiffs have stated no claim against Penske and the court will therefore dismiss Penske *sua sponte*.

3

For purposes of diversity jurisdiction, a corporation of a foreign State is deemed a citizen of "every State and foreign state" in which it is incorporated and the "State or foreign state" where it has its principal place of business. Vantage Drilling Co., 741 F.3d at 537–38 (citing 28 U.S.C. § 1332(c)(1)). The citizenship of a limited liability company is determined by the citizenship of all of its members for diversity purposes, Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008), and "a limited partnership is a citizen of each state in which its partners—both general and limited—hold citizenship," Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1992) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)).

It appears undisputed herein that plaintiffs herein are all citizens of Mississippi and all defendants are citizens of states (or foreign states) other than Mississippi.

Plaintiffs' Objections to Removal

As grounds for their motion to remand, plaintiffs argue that the case must be remanded because (1) removal was premature, as defendants filed their notice of removal prior to being served with process, or because, if not premature, then (2) the notice of removal was untimely under 28 U.S.C. § 1446(b) since it was filed more than thirty days after defendants had

4

notice of the plaintiffs' complaint. Neither contention has merit.

Timeliness of removal is governed by 28 U.S.C. § 1446, which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b)(1). In this case, plaintiffs filed their complaint in the Kemper County Circuit Court on June 3, 2020. When defendants subsequently filed their notice of removal on August 17, none of them had been served with process. However, while a defendant may not remove an action before an initial pleading has been filed, which in Mississippi is a complaint, see Price v. Clark, 21 So. 3d 509, 521 (Miss. 2009)("Rule 3(a) of the Mississippi Rules of Civil Procedure states '[a] civil action is commenced by filing a complaint with the court.'"), the Fifth Circuit has held that once a complaint has been filed, a defendant is not required to await service of process before he may remove the action. See Addison v. First Family Fin. Servs., Inc., No. CIV.A. 4:06CV22LR, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006) (citing Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000), cert. denied, 532 U.S. 972 (2001) (stating

5

that "the Fifth Circuit does not require service of process as a prerequisite to removal", and explaining that "under Delgado, a notice of removal filed after the complaint, but before service of the complaint, is not premature but rather timely")).

Furthermore, even if a defendant is aware that a complaint has been filed, the thirty-day period for removal under § 1446(b)(1) does not start to run until the defendant has been served with process. In this regard, the Fifth Circuit has explained as follows:

> [The removal] statutes clearly provide that a defendant's right to removal runs from the date on which it is formally served with process. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Put another way, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. at 350, 119 S. Ct. 1322. A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum. Id. Only after a party is subject to the powers of a court, must it seek to effect removal.

Thompson v. Deutsche Bank Nat. Tr. Co., 775 F.3d 298, 303 (5th Cir. 2014) (defendant is not required to remove prior to formal service, even if it is aware of pending litigation).[2]

---

[2] Plaintiffs' principal objection is that by removing the case prior to service of process, without "authority, justification or reasonable factual basis," defendants have "usurped" plaintiffs' right to choose a venue for this litigation. They

Defendants' removal herein was therefore timely and plaintiffs' arguments to the contrary are rejected.

Conclusion

Based on the foregoing, it is ordered that plaintiffs' motion to remand is denied.  It is further ordered that plaintiffs' complaint against Penske is dismissed.

SO ORDERED this 8th day of October, 2020.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

state that when they filed this action, they knew that two other lawsuits involving the subject collision had been filed in an Alabama state court, and they were still considering whether to pursue their claims in Mississippi or Alabama.  That is why they had made "**NO** efforts" to serve process.  Plaintiffs assert that Alabama could "easily be the more convenient venue" in view of the pending litigation, which "can certainly be deemed justification" for filing their claims in Alabama as well, "versus protracted, piece mill litigation [sic]".  And they charge that defendants' removal to "Federal Court in Mississippi" is "a blatant attempt…at forum shopping apparently to utilize these cases in some sort of an attempt to effect or delay the pre-filed litigation pending in Alabama."  Plaintiffs add that they are "still undecided" whether to pursue the claims in Mississippi or in Alabama."

While none of this has any bearing on the court's analysis of the present motion, the court is nevertheless compelled to point out that defendants have done nothing to prevent plaintiffs from choosing between an Alabama and a Mississippi venue for their lawsuit.  Plaintiffs could have filed a lawsuit in Alabama.  *Plaintiffs chose to file a lawsuit in Mississippi*.  Whether they intended to serve process and pursue litigation in Mississippi is of no moment for purposes of the present motion, since defendants, whether served with process or not, had a right under the law to file their notice of removal once they became aware of plaintiffs' Mississippi state court complaint.

7